UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.

BRYANT MARCUS WILKERSON,

Defendant.

Criminal No. 2:22cr152

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss Counts Ten and Eleven of the Superseding Indictment (the "Motion") by Bryant Marcus Wilkerson. ECF No. 20. The question before the Court is whether 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms is constitutional after the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). Having fully considered the arguments and the materials before the Court, for the reasons stated below, the Court concludes that Section 922(g)(1) is constitutional, and the Motion (ECF No. 20) is therefore **DENIED**.

**I.     BACKGROUND**

On December 8, 2022, Defendant was named in a one count Indictment. Indictment, ECF No. 1. Prior to the instant matter, Defendant had been convicted of other felonies.[1] On March 9, 2023, an eleven count Superseding Indictment was filed

---

[1] Defendant was convicted of burglary in a Virginia state court in 2018, possession of a controlled substance and unauthorized use of a motor vehicle in a Virginia state court in 2019, possession of a controlled substance in a Virginia state court in 2020, and prisoner destroy fire system (two counts), grand larceny and failure to appear in

1

as to Defendant. Superseding Indictment, ECF No. 15. The Superseding Indictment charges Defendant with the following: Counts 1, 3, 4, 6, and 9 for Carjacking & Attempted Carjacking in violation of 18 U.S.C. § 2119; Counts 2, 5, and 7 for Discharge, Brandish, Carry, and Use Firearm During and in Relation to Crime of Violence in violation of 18 U.S.C. 924(c)(1)(A)(ii) & (ii); Count 8 for Interstate Transportation of Stolen Motor Vehicle in violation of 18 U.S.C. § 2312; and Counts 10 and 11 for Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* at 1. The Superseding Indictment, including Counts Ten and Eleven for violations of the felon-in-possession statute, is related to two incidents (from November 9, 2020 and April 21, 2022) during which Defendant is alleged to have possessed firearms. Resp. Opp'n at 1, ECF No. 23. On each of those dates, it is further alleged that Defendant knew he had previously been convicted of a felony. *Id.*; Superseding Indictment at 5–6, ECF No. 15.

On April 4, 2023, Defendant filed a Motion to Dismiss Counts Ten and Eleven of the Superseding Indictment. ECF No. 20. The Government failed to file a response by its April 18, 2023 deadline, but filed a Motion for Leave to File Response on April 20, 2023 (ECF No. 21), which this Court granted (Order, ECF No. 22). On April 21, 2023, the Government filed its Response in Opposition. ECF No. 23. Defendant did not submit a reply. The Motion is now ripe for adjudication. The Court has

---

Virginia state courts in 2021. Mot. at 1, ECF No. 20 (acknowledging that each of these convictions are state felony convictions); *see also* Resp. Opp'n at 1, ECF No. 23 (noting that Defendant "has been convicted of at least 8 felonies between 2018 and 2021").

2

determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Crim. R. 47(J).

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, the Court should dismiss criminal charges in an indictment "where there is an infirmity of law in the prosecution[,]" such as when the statute charged is unconstitutional. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012); *see also United States v. Riley*, No. 1:22cr163, 2022 WL 7610264, at *3 (E.D. Va. Oct. 13, 2022) (citations omitted) (indictment, or part thereof, "may be dismissed on the grounds that it is premised on the defendant's alleged violation of an unconstitutional statute").

Defendant's Motion is based on his assertion that Section 922(g)(1) is facially unconstitutional. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

## III. DISCUSSION & ANALYSIS

Here, Defendant asserts that Section 922(g)(1) is facially unconstitutional following the Supreme Court's decision in *Bruen*. Section 922(g)(1) provides in relevant part as follows: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm . . . ." 18 U.S.C. § 922(g)(1).

3

Defendant reads *Bruen* to have transformed how a court addresses modern day firearm-regulating statutes by focusing entirely on the historical foundations of each challenged statute. *See* Mot. at 1–2, ECF No. 20. He argues that § 922(g)(1) must be held unconstitutional because it does not comport with the Framers' understanding of the Second Amendment and that therefore Counts Ten and Eleven of the Superseding Indictment (ECF No. 15) must be dismissed. *Id.* at 1. Defendant stressed that *Bruen* supplanted the previous means-end balancing test for gun control statutes, with a new "text-and-history standard[,]" which requires the Government to show that the statute is "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 5 (quoting *Bruen*, 142 S. Ct. at 2129–30). Defendant then argues that because there was no explicit historical tradition of barring felons from possessing firearms in 1791—the year Congress ratified the Second Amendment—Section 922(g)(1) does not pass *Bruen* muster and therefore is unconstitutional. *Id.* at 9–15. Defendant also argues that this Court is not bound to *Heller*'s assertion that certain statutes, including felon-in-possession laws, are "presumptively lawful," because those comments remain dicta and, in any case, stand discredited in the wake of *Bruen*. *Id.* at 15–17. Lastly, Defendant argues that even if felon disarmament were constitutional as to only persons with *violent* felony convictions, such a solution is impossible because Section 922(g) cannot be severed or reinterpreted to transform the wholesale felon ban into a more targeted law. *Id.* at 18–20.

Notably, Defendant acknowledges that "this Court denied a similar motion in *United States v. Spencer*, No. 2:22cr106, ECF No. 141, 2022 WL 17585782 (E.D. Va.,

4

Dec. 12, 2022), and at least one other court in this District considered and denied the arguments set forth in this Motion." Mot. at n.1, ECF No. 20 (citing *See United States v. Riley*, --- F. Supp.3d ---, No. 1:22cr163, 2022 WL 7610264, at *3 (E.D. Va. Oct. 13, 2022)). Other federal district courts have also rejected constitutional challenges to § 922(g)(1). *See id.* (collecting cases). In fact, "[e]very prior attempt to challenge § 922(g)(1)'s constitutionality facially had failed at the time the defendant was caught with a firearm on November 9, 2020, and to this day, 'no circuit has held the law unconstitutional as applied to a convicted felon.'" Resp. Opp'n at 1, ECF No. 23 (quoting *Medina v. Whitaker*, 913 F.3d 152, 155 (D.C. Cir. 2019)). But Mr. Wilkerson urges this Court to arrive at a different conclusion. Mot. at 1, ECF No. 20.

The Government, in turn, argues that *Bruen* made no attempt to put felon gun possession laws in the crosshairs because the Court emphasized that its holding applied to gun laws pertaining to "law-abiding responsible citizens" and that felons retain no Second Amendment rights. Resp. Opp'n at 9–15, ECF No. 20. Additionally, having not disturbed the body of law related to non-law abiding citizens—and decisions that did not utilize the second "means-end scrutiny" step that *Bruen* put to rest—according to the Government, this Court should adhere to binding Fourth Circuit precedent, which has upheld the validity of felon gun possession laws, including § 922(g)(1). *Id.* at 9–12 (discussing *United States v. Moore*, 666 F.3d 313, 318 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242, 246 (4th Cir. 2012)). But even if *Bruen* were read broadly, the Government reasons that felon-in-possession laws comport with the plain text of the Second Amendment, because the words "the people"

found therein have historically been understood not to include felons. *Id.* at 12–15. The Government maintains that in applying the *Bruen* historical test to § 922(g)(1), the relevant history behind the adoption of the Second Amendment reveals a tradition of disarming individuals who pose a risk to society and that the Framers held this view. *Id.* at 15–20.

As recognized by Defendant, this Court has already carefully considered and denied each of the arguments set forth in the Motion, *see United States v. Spencer*, No. 2:22cr106, ECF No. 141, 2022 WL 17585782 (E.D. Va., Dec. 12, 2022), as have other judges of the Court, *see, e.g.*, *United States v. Riley*, No. 1:22cr163, 2022 WL 7610264, at *13 (E.D. Va. Oct. 13, 2022). This Court declines to discuss the issue further in this order and instead adopts in full the reasoning previously set forth in its order in *United States v. Spencer*, cited *supra*.

## IV.   CONCLUSION

For the forgoing reasons, the Motion (ECF No. 20) is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

May 2, 2023
Norfolk, Virginia